Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED
MAR 07 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF
## NORTHERN CALIFORNIA

SK

CV23-1026

| | |
|---|---|
| KISHORE KUMAR REDDY DUDDEKUNTA<br>2065 Oak street, Apt 306<br>San Francisco, CA, 94117<br>Kishore83@gmail.com<br>Ph: 303-301-4386<br><br>*Plaintiff(s)*<br><br>-v-<br><br>ALEJANDRO MAYORKAS, Secretary U.S. Department of Homeland Security 2707 Martin Luther King Jr. Ave. SE Washington, DC 20528-0485;<br><br>*Defendent(s)* | Civil Action No:_____<br><br>COMPLAINT |

1

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# PETITIONERS ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND DECLARATORY JUDGEMENT

Kishore Kumar Reddy Duddekunta, 2065 Oak street, Apt 306, San Francisco, California, 94117

Ph: 303-301-4386  Email: Kishore83@gmail.com

## INTRODUCTION

COMES NOW KISHORE KUMAR REDDY DUDDEKUNTA (hereinafter "KISHORE" or "Petitioner"), in the above cause, and states as follows:

1. This action is brought as a result of Respondents' failure to properly make a determination of Petitioner's Form I-829, Application for Removal of Conditions ("Petition by Investor to Remove Conditions on Permanent Resident Status") within a reasonable period of time as specified in 8 U.S. Code § 1186b.

The Secretary of Homeland Security may conduct an interview under within 90 days after the date of submitting a petition and at a local office of the Department of Homeland Security, designated by the Secretary of Homeland Security, which is convenient to the parties involved.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The Secretary of Homeland Security, in the Secretary's discretion, may waive the deadline for an interview or the requirement for such an interview according to criteria developed by U.S. Citizenship and Immigration Services, in consultation with its Fraud Detection and National Security Directorate and U.S. Immigration and Customs Enforcement, provided that such criteria do not include a reduction of case processing times or the allocation of adjudicatory resources.

2. Petitioner KISHORE has invested $500,000 in a qualifying investment under the Eb5 Immigrant Investor Program. Petitioner's Conditional Green Card was approved by United States Citizenship and Immigration Services(USCIS) on March 15th 2021 **[EXHIBIT A]**. Petitioners Conditional Green card is set to expire on March 15th 2023. Petitioner filed "Application for Removal of Conditions ("Petition by Investor to Remove Conditions on Permanent Resident Status" (I-829) on Dec 15th 2022. USCIS confirmed receipt on Petition through a Receipt **[EXHIBIT B]**

3. Despite the passage of over 80 days, KISHORE'S Application is still undetermined with USCIS. From the inception, USCIS has scheduled KISHORE's biometrics appointment on Feb 8th 2023 but has not scheduled an interview till date or completed adjudication of I-829 petition.

4.. The Petitioner has a clear right to a proper adjudication of the Form I-829 in a timely manner and this right has not been recognized by USCIS. Lack of Adjudication of the Petition also puts the Plaintiff's hard earned money of $500,000 under unnecessary extended time frame of risk beyond the statutory requirement of EB5 Program as per 8 U.S. Code § section 1153(b)(5)

5.. The delay in making a decision on Petitioner's Application extends well beyond Regulation of

3

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

90 days for immigration benefits to be determined under 8 U.S. Code § 1186b.

## PARTIES

6. Petitioner KISHORE KUMAR REDDY DUDDEKUNTA is a citizen of India and, for the purposes of this action, is a resident of San Francisco County, California. He is the Plaintiff and petitioner of Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status Which has been pending with the Defendants for more than 100 days [USCIS case number: WAC2390027408]

7. Respondent ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS").

8 This action is filed against him in his official capacity. Respondent MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel

4

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Respondents to perform their statutory duties owed to the Petitioner. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because Petitioner is seeking judicial review of inaction by one or more of the Respondents.

10. Venue is proper in the District Court for the District of Northern California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the defendant is an officer of United States and is subject to courts personal jurisdiction with respect to such action and the Venue is also where the plaintiff may bring civil action in the district where the Plaintiff resides.

## BACKGROUND AND FACTUAL ALLEGATIONS

### A. Eb5 Program in General

11. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA § 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program – now known simply as the "Immigrant Investor Program" – that introduced the concept of the "regional center." Department of Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992).

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Regional centers were designed to pool investor money in a defined industry and promote economic growth in a specific geographic area.

12. The regional center model within the Immigrant Investor Program offers an immigrant investor already-defined investment opportunities, thereby reducing his or her responsibility to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can operate regional centers, which can be any economic unit, public or private, that is engaged in the promotion of economic growth, improved regional productivity, job creation, or increased domestic capital investment. As of February 17, 2020, USCIS reports that it has approved 783 regional centers throughout the United States. USCIS, Immigrant Investor Regional Centers Homepage, at https://www.uscis.gov/working-unitedstates/permanent-workers/employment-based-immigration-fifth-preference-eb-5/eb-5-immigrant-investor-regional-centers/approved-eb-5-immigrant-investor-regional-centers.

13. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

14. The statute governing the EB-5 Program provides that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception exists if the immigrant investor invests his or his capital in a new commercial enterprise that is principally doing business in, and creates jobs in, a "targeted employment area." In such case, the immigrant investor must invest a minimum of $500,000 in

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).1 .The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

15. A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program.

16. The job-creation requirement for EB-5 participants provides that the investment must create no fewer than **ten full-time jobs** in the United States for authorized workers, not including the immigrant investor, his or his spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii) and the investment must be sustained throughout the period of conditional permanent residency.

### A. Petitioner' Removal of Conditions Filing

17. According to 8 U.S. Code § 1186b The Secretary of Homeland Security shall make a determination, within 90 days of the date of such filing or interview (whichever is later), as to whether the facts and information in the I-829 petition are true with respect to the qualifying commercial enterprise.

18. Before Plaintiff filed the Form I-829 petition that is the subject of this lawsuit, he had

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

previously filed her Form I-526, Immigrant Petition by Alien Entrepreneur ("Form I-526") on March 6th, 2018 based on her having already made a $500,000 investment in a new commercial enterprise in the United States to create at least 10 jobs for U.S. workers, which petition Defendant USCIS approved, and based on that approval, the government granted Plaintiff her conditional permanent resident card ("green card") with a validity date through March, 2021. The Form I-829 petition is to "remove conditions" on Plaintiff's current conditional green card status. Removal of conditions provides substantial benefits, including: 1) allowing Plaintiff and eligible family members to reside permanently in the United States without having to personally appear at the local office of Defendant USCIS to request a one-year extension of conditional residence every year; and 2) allowing Plaintiff and eligible family members to file promptly for U.S. citizenship

19.On December 15, 2022, Petitioner KISHORE properly filed his Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status and paid the required fee of $3835 with USCIS. **[EXHIBIT B]**.

20. On Feb 08, 2023, after waiting for about two months, Kishore completed his Biometrics appointment **[ EXHIBIT D]** for his i-829 application

21. USCIS current processing time for I-829 petition is at 61.5 months. **[EXHIBIT C]**.( source: https://egov.uscis.gov/processing-times/) which is 20 times beyond Congressional guideline of 90 days for immigration benefits determination under 8 U.S.C. § 1186b for Removal of Conditions of Petition in EB-5 Investor Category. As of this date, Petitioner KISHORE's Application remains pending with USCIS

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

22. On March 2nd 2023 Petitioner tried to make an enquiry about the processing of his i-829 petitioner at https://egov.uscis.gov/e-request/Intro.do ( case enquiry page). **(EXHIBIT – E).** USCIS prevents applicant from submitting an enquiry until 60.5 months have passed from the date of filing. Petitioner alternatively tried to reach USCIS enquiry via their toll free number at 1 (800) 375-5283 with a wait time of 4 hours. Applicants continued to wait for an operator only to be told that the operators were done for the day and applicant is requested to call back the next day. Applicant tried to contact USCIS on March 3rd 2023 and the wait time was expected to be 4 hours to speak to a representative. Applicants continue to be frustrated with the wait time and ended the call on March 3rd 2023 with no resolution in reaching an operator to enquire about the application status.

23. Petitioner KISHORE's Application now continues to be pending with USCIS for 80+ days with no end in sight. Applicant is also unable to enquiry with USCIS about the status of application in any format

24. All prior paragraphs are re-alleged as if fully stated herein.

---

## COUNT I
## VIOLATION OF THE APA

25. Petitioner KISHORE, based on his approval as an investor under the EB5 program, has a statutory right to apply for Removal of Conditions of his status as a permanent resident by filing Form I-829, Application for Petition by Investor to Remove Conditions on Permanent Resident Status.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

26. Respondents have a duty to adjudicate Petitioner's Petition within a reasonable period of time under 5 U.S.C. §555(b). Congress has explicitly stated in 8.USC.§1186b that the Secretary of Homeland Security shall make a determination, within 90 days of the date of such filing( EB5 Investor Removal of Conditions Application) or interview (whichever is later), as to whether the facts and information that the Petitioner has invested the requisite capital, Created 10 jobs, sustained the investment throughout the conditional residency period of 2 years and alleged in the petition are true with respect to the qualifying commercial enterprise.

27. The delay in making a decision on Petitioner's Application extends well beyond Congress's guideline of 90 days for immigration benefits determination under 8 U.S.C. § 1186b of Investor's Petition(I-829)

28. The duty owed to Petitioner is ministerial and so plainly prescribed as to be clear and free from doubt.

29. Respondents have failed in their statutory duty to adjudicate the Application in a reasonable time.

30. Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on KISHORE's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to KISHORE's case.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

31. Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have refused to adjudicate Petitioner's Application, thereby depriving Petitioner of the rights to which he is entitled.

### PRAYER FOR RELIEF

WHEREFORE, the Petitioner respectfully prays

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to properly adjudicate Petitioner's Application.

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: March 6, 2023                                     Respectfully submitted,

                                                        *Kishore*
                                                        Kishore Duddekunta

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Kishore Duddekunta(Petitioner)

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF NORTHERN CALIFORNIA

KISHORE KUMAR REDDY DUDDEKUNTA, et. al., )
)
)      Civil Action No :
Petitioner )
)
)
V. )
)
ALEJANDRO MAYORKAS, et. al., )
)
Respondent(s). )

INDEX OF EXHIBITS

Exhibit A ---------------------------------- Plaintiff's Conditional Green Card

Exhibit B ---------------------------------- Receipt Notice for Petitioner is I-829

Exhibit C ---------------------------------- USCIS Current Processing Time I-829

Exhibit D ---------------------------------- Plaintiffs Biometrics Appointment I-829

Exhibit E ---------------------------------- USCIS Enquiry Page Response for Case Status



EXHIBIT A

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case



# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| WAC2390027408 | | I829 - PETITION BY INVESTOR TO REMOVE CONDITIONS ON PERMANENT RESIDENT STATUS |
| Received Date 12/15/2022 | Priority Date | Petitioner A088 705 676 DUDDEKUNTA, KISHORE KUMAR REDD |
| Notice Date 12/20/2022 | Page 1 of 2 | Beneficiary A088 705 676 DUDDEKUNTA, KISHORE KUMAR REDD |

KISHORE KUMAR REDD DUDDEKUNTA
2065 OAK STREET APT 306
SAN FRANCISCO CA 94117

Notice Type: Receipt Notice
Amount received: $3835.00 U.S.

Your conditional permanent resident status is extended for 24 months from the expiration date on your Form I-551, Permanent Resident Card (also known as a Green Card). During this extension, you are authorized to work and travel. This notice, presented with your expired Permanent Resident Card, is evidence of your status and work authorization. (This extension and authorization for employment and travel does not apply to you if your conditional permanent resident status has been terminated.)

If you think you will be outside of the United States for a year or more, you should apply for a Re-entry Permit before leaving the United States by filing Form I-131, Application for a Travel Document. As long as the Re-entry Permit is valid, it allows you to board a vessel or aircraft destined for the United States and/or apply for admission at a U.S. port of entry without the need to obtain a returning resident visa from a U.S. Embassy or U.S. Consulate. Although you generally will not be deemed to have abandoned your status as a conditional permanent resident based solely on the duration of your absences from the United States while the Reentry Permit is valid, you are not exempt from compliance with any of the requirements of U.S. immigration laws. If USCIS is still adjudicating your Form I-829, then you may miss important USCIS notices, such as Requests for Evidence, or appointment notices for biometrics services or interviews, while you are outside of the United States. Failure to respond to these requests may result in denial of your Form I-829.

If you have not already done so, provide supporting documents to help USCIS process your petition and establish your eligibility to remove the conditions on your permanent residence. Please include a copy of this receipt notice with any supporting documentation you submit.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

If any of the above information is incorrect or you have any questions about the status of your case, please call the USCIS Contact Center (UCC) at 1-800-375-5283 (TDD number is 1-800-767-1833) or visit the USCIS website at www.uscis.gov. If you call us, please have your Alien Registration Number (A-Number) and/or the receipt number shown above. The receipt number is a tracking number for your case and will help with inquiries. Please note, you must submit any changes or corrections in writing to the mailing address at the bottom of this notice if you checked Item 1.e or 1.f under "Basis for Petition" on your Form I-829. You must include your A-number and receipt number in your signed request.

Processing time - Processing times vary by case type. Go to www.uscis.gov to see the current processing times listed by case type and office.

- View your case status on our website's Case Status Online page.
- You can also sign up to receive free email updates as we process your case.
- Most of the time your case is pending, the process status will not change. This is because we are working on cases that were filed before your case.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.
- If you do not receive an initial decision or update from us within our current processing time, contact the UCC at 1-800-375-5283 or visit our website at www.uscis.gov.

Biometrics - We require collection of biometrics (fingerprints, a photo, and a signature) for some types of cases. If we need biometrics from you, we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for your biometrics services appointment. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country,
- A driver's license,
- A military photo ID, or
- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

California Service Center
U.S. CITIZENSHIP IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111
USCIS Contact Center: www.uscis.gov/contactcenter



FORM I-797 (REV. 08/01/16)

# EXHIBIT B

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case



EXHIBIT C

15

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

**Form I-797C, Notice of Action**

THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | CASE TYPE | NOTICE DATE |
|---|---|---|
| | I829 - PETITION BY INVESTOR TO REMOVE CONDITIONS ON PERMANENT RESIDENT STATUS | 01/21/2023 |

| APPLICATION/PETITION/REQUEST NUMBER | | USCIS A# | CODE |
|---|---|---|---|
| WAC2390027408 | | A088 705 676 | 5 |
| ACCOUNT NUMBER | TCR | SERVICE CENTER | PAGE |
| | | CSC | 1 of 2 |

BETTY

KISHORE KUMAR REDD DUDDEKUNTA
2065 OAK STREET APT 306
SAN FRANCISCO CA 94117

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the below Application Support Center (ASC) at the date and time specified.

IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPOINTMENT WILL NOT BE RESCHEDULED UNLESS USCIS RESCHEDULES YOUR APPOINTMENT. SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF USCIS DOES NOT RESCHEDULE YOUR APPOINTMENT, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED AND DENIED.

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS SAN FRANCISCO | |
| 250 Broadway | 02/08/2023 |
| San Francisco CA 94111 | 03:00PM |

WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:

1. THIS APPOINTMENT NOTICE. If you received multiple ASC notices, bring all notices to your first appointment, and
2. PHOTO IDENTIFICATION. Your biometrics will not be collected without Identification. You must bring a valid government-issued photo identification document. If the name on your identification is different than the name on your ASC notice, bring supporting documentation. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

Only those necessary to assist you with transportation or completion of the biometrics worksheet should accompany you to your ASC appointment. If you have open wounds, bandages, or casts when you appear for biometrics submission, USCIS may reschedule your appointment if we determine your injuries may interfere with biometrics submission. Please do not visit a USCIS office if you are sick or feel any symptoms of being sick. Follow the instructions on this notice to reschedule your appointment.

You may bring cell phones or electronic devices, but they must be turned off during biometrics collection. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/forms-information/preparing-your-biometric-services-appointment. If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

NOTE: If an ASC closes due to inclement weather or unforeseen circumstances, USCIS will automatically reschedule your appointment for the next available date and time. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment. If USCIS reschedules your appointment for any reason, you will receive a new ASC appointment notice.

To ensure you receive all correspondence from USCIS, you must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R., Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

REQUESTS TO RESCHEDULE/SPECIAL HANDLING

If you are unable to attend your scheduled ASC appointment, you may request that USCIS reschedule your appointment by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833) [...] of the original appointment and 2) establish good cause for rescheduling. If you fail to make [...] USCIS may [...] schedule your ASC appointment. If USCIS does not reschedule your appointment, your application, petition, or request will be considered abandoned and denied.

If you have a serious ongoing medical condition and you cannot leave your home/hospital, you may request a mobile biometrics/homebound appointment by following the instructions on the back of the Notice for People with Disabilities or by visiting uscis.gov/accommodations.

APPLICATION NUMBER
I829 - WAC2390027408

BIOMETRICS PROCESSING STAMP
ASC SITE CODE  XT2
BIOMETRICS QA REVIEW BY
ON FEB 0 8 2023
TENPRINTS QA REVIEW BY
ON FEB 0 8 2023

If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C 10/13/21

EXHIBIT D

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case



EXHIBIT E